# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ROBERT RAY YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16-CV-00969-DGK |
| | ) |
| LIZ HAGAR-MACE, | ) |
| Housing Director, State of Missouri, | ) |
| Department of Mental Health, and | ) |
| AMY COPELAND, Administrator, | ) |
| | ) |
| Defendants. | ) |

## ORDER DENYING MOTION TO RECONSIDER APPOINTING COUNSEL

This case arises out of the denial or termination of a housing voucher. Pro Se Plaintiff, who states he has mental health and cognition problems, is suing the Housing Director of the Missouri Department of Mental Health and an administrator on the basis of race, gender, and disability discrimination.

Now before the Court is Plaintiff's Motion to Reconsider the Court's order denying him appointed counsel (Doc. 22). Contemporaneous to his motion for reconsideration, Plaintiff filed a "Refiling Support Civil Claim" (Doc. 23) which the Court construes as a motion for leave to file an amended complaint. For the reasons stated below, Plaintiff's Motion for leave to file an amended complaint is GRANTED and the Motion for Reconsideration is DENIED.

### Background

Plaintiff is homeless and suffers from ongoing mental and physical issues that require frequent hospitalization. Acting pro se, Plaintiff filed suit in this Court requesting a housing voucher, damages for medical expenses and emotional distress, and punitive damages. The Court granted Plaintiff's request to proceed in forma pauperis. On January 11, 2017, the Court

denied Plaintiff's motion to appoint counsel in this case because the Court found the Complaint "lack[ed] an arguable basis in fact or law" and did not state facts describing what happened, when it happened, or how the Defendants were involved (Doc. 16).

## Discussion

I. **The Court construes Plaintiff's "Refiling Support Civil Claim" as a motion for leave to file an amended complaint and an amended complaint.**

On April 11, 2017, Plaintiff filed a "Notice of Refiling" that alleges facts related to discrimination and retaliation claims under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601, *et seq.* and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.* In construing Plaintiff's pleading liberally, the Court considers the Notice of Refiling as containing a request to amend his Complaint.

After the time has passed to amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." *Id.*

A court should consider the following factors in determining whether leave to amend should be granted: (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. *See Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998).

Here, Plaintiff's handwritten filing contains facts associated with the loss of his housing voucher including when it happened, how he has suffered and how Defendants were involved. The Court has carefully reviewed Plaintiff's Refiling and liberally construes it as both a motion for leave to file an amended complaint and an amended complaint. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (finding a document filed pro se is "to be liberally construed").

Considering the above factors, the Court GRANTS Plaintiff's motion for leave to file an amended complaint. First, the Court finds Plaintiff did not file this Amended Complaint in bad faith or with undue delay because this document is likely in response to the Court's order denying him appointed counsel where the Court stated his Complaint did not allege sufficient facts. Second, this Amended Complaint would not be unduly prejudicial to Defendants because it more cogently states a claim for which Plaintiff seeks relief. Finally, in reviewing the facts alleged in the Amended Complaint, the Court finds granting Plaintiff's motion would not be futile.

In general, "an amended complaint supercedes an original complaint and renders the original complaint without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). However, construed liberally, the Court assumes Plaintiff intends the Amended Complaint to supplement the original Complaint. *See, e.g.*, *Ford v. Donovan*, 891 F.Supp.2d 60, 62 (D.D.C. 2012) ("Instead of superceding his original Complaint, as a typical Amended Complaint does, this later pleading supplements it. Given his *pro se* status, the Court will treat the combined pleadings as one joint Complaint."). Therefore, the pleadings should be considered together. *See Williams v. Aldridge*, No. 6:13-CV-6004, 2014 WL 504874, at *2 (W.D. Ark. Feb. 7, 2014) (construing together pro se plaintiff's complaint and amended complaint).

**II.    Plaintiff's motion for reconsideration is denied.**

A civil litigant has no constitutional or statutory right to a court-appointed attorney. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). In an action under the FHA, a court may appoint an attorney for a person alleging a discriminatory housing practice. 42 U.S.C. § 3613(b). Little case law exists on the appointment of an attorney by the court under § 3613(b),

but given the similar nature of the underlying legal actions and the similar statutory language permitting appointed counsel, the Court finds the case law on appointed counsel under Title VII, 42 U.S.C. § 2000e-5, to be instructive. Likewise, a court possesses discretion in determining whether appointment of counsel is appropriate for an indigent plaintiff in an action involving an ADA claim and adopts the procedures under 42 U.S.C. § 2000e-5. 42 U.S.C. § 12117(a).

In a Title VII action, the factors a court should consider in evaluating motions to appoint counsel include: (1) the plaintiff's financial resources; (2) the plaintiff's efforts to secure counsel; and (3) the merits of the discrimination claim. *Morse v. MTC Truck Driver Training*, No. 4:08-CV-1299 CAS, 2008 WL 4290585, at *1 (E.D. Mo. Sept. 15, 2008); *see also Slaughter v. City of Maplewood*, 731 F.2d 587, 590 (8th Cir. 1984) (outlining relevant factors in appointing counsel under Title VII). "The court should also determine whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984). In making this determination, a court should consider the "factual complexity" of the matter, the "ability of [plaintiff] to investigate the facts," "the existence of conflicting testimony," and "the ability of [plaintiff] to present his claim." *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

Considering the relevant factors in appointing counsel, the Court cannot appoint counsel in this case. While Plaintiff's complaint may have merit and the court previously found him indigent—weighing in favor of appointment—the remaining factors tip the scale against appointing counsel. First, Plaintiff's Amended Complaint illustrates he is able to investigate and present his claims without the assistance of counsel. Second, it appears from Plaintiff's amended complaint that Plaintiff's claim is not legally or factually complex and that he has personal knowledge of the facts at issue. Finally, Plaintiff has not stated what efforts he has undertaken to

secure counsel on his own.  Thus, this matter does not lend itself to appointing counsel.  An attorney may, however, be appointed at a later date if this matter goes to trial, and if it appears Plaintiff has a viable claim, but is unable to represent himself adequately.  Plaintiff is encouraged to seek legal representation on his own.

## Conclusion

Accordingly, the Court GRANTS Plaintiff leave to file an amended complaint and his Refiling Support Civil Claim (Doc. 23) is construed as an Amended Complaint supplementing his original Complaint (Doc. 4).  Plaintiff's Motion to Reconsider (Doc. 22) appointing counsel is DENIED.

**IT IS SO ORDERED.**

Date: June 23, 2017                    /s/  Greg Kays
                                       GREG KAYS, CHIEF JUDGE
                                       UNITED STATES DISTRICT COURT